Filed 5/23/25  P. v. Browner CA2/4

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>DEMETERIUS BROWNER,<br><br>Defendant and Appellant. | B338704<br><br>(Los Angeles County<br>Super. Ct. No. TA081025) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Reversed and remanded.

Bess Stiffelman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Scott A. Taryle, Supervising Deputy Attorney General, and Viet H. Nguyen, Deputy Attorney General, for Plaintiff and Respondent.

In 2007, a jury convicted appellant Demeterius Browner of first degree murder (Pen. Code,[1] § 187, subd. (a)), committed when he was 15 years old. The jury also found true special circumstance robbery, firearm use, and gang allegations. (§§ 190.2, subd. (a)(17), 12022.53, subds. (b), (c), & (d), 186.22, subd. (b).) Browner was sentenced to a term of 50 years to life.

In 2024, Browner filed a petition for recall and resentencing pursuant to section 1170, subdivision (d) (section 1170(d)). Section 1170(d)(1)(A) allows "a defendant who was under 18 years of age at the time of the commission of the offense for which the defendant was sentenced to" life without the possibility of parole (LWOP) and who "has been incarcerated for at least 15 years" to petition the sentencing court for recall and resentencing. Browner's petition asserted he was under 18 years old when he committed the offense and had served more than 15 years of a sentence functionally equivalent to LWOP.

The trial court denied the petition. It found Browner was not eligible for relief under section 1170(d), because section 3051, which governs youth offender parole hearings, provided a "meaningful opportunity" for Browner to "face parole."

Browner appeals. He argues the trial court erred by failing to follow *People v. Heard* (2022) 83 Cal.App.5th 608 (*Heard*). *Heard* held juvenile offenders sentenced to functionally equivalent LWOP terms are entitled to section 1170(d) relief under the constitutional guarantee of equal protection. It further held that eligibility for a hearing under section 3051 does not render an offender ineligible for section 1170(d) relief. (*Heard*, *supra*, 83 Cal.App.5th at pp. 627–629; see *People v. Sorto* (2024)

---

[1] All further statutory references are to the Penal Code.

104 Cal.App.5th 435, 454 (*Sorto*) [concluding *Heard* was correctly decided].)

The People agree Browner was eligible for relief under section 1170(d), regardless of his eligibility for parole under section 3051, and concede the trial court erred. (*Heard*, *supra*, 83 Cal.App.5th at pp. 628–629, 633; *Sorto*, *supra*, 104 Cal.App.5th at p. 454.) We accept the People's concession based upon *Heard*.[2] We express no opinion on whether Browner has met section 1170(d)'s other requirements or on what relief the court should grant if it concludes he is eligible for recall and resentencing. On remand, the trial court shall consider those issues for the first time. (*Sorto*, at p. 454.)

---

[2] We are mindful our colleagues in Division 7 recently decided in *People v. Munoz* (2025) 110 Cal.App.5th 499 (*Munoz*), that a defendant with a sentence of 50 years to life was not eligible for relief under section 1170(d). However, the People have not rescinded their concession that the trial court erred in this case or sought to raise any issue based upon *Munoz*.

## DISPOSITION

The order is reversed.  The matter is remanded for the trial court to consider Browner's petition in accordance with this opinion.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


MORI, J.

We concur:


ZUKIN, Acting P. J.


DAUM, J.**

---

** Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to Article VI, section 6, of the California Constitution.